IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES, | ) | |
|---|---|---|
| | ) | |
| V. | ) | |
| | ) | 1:20-CR-00114-WMR-CCB |
| AFEEZ ADENIRAN | ) | |
| | ) | |

**DEFENDANT AFEEZ ADENRIAN'S MOTION TO SEVER**

NOW COMES Afeez Adeniran, Defendant in the above-styled case, and pursuant to Federal Rules of Criminal Procedure 14 and 12(b)(5), by and through undersigned counsel, hereby moves this Court to sever the trial of his case from that of his codefendants. In support of this motion Mr. Adeniran shows as follows:

1)  Mr. Adeniran has been charged along with twenty-two (22) other defendants in a six-count indictment alleging a vast conspiracy involving multiple different schemes with a combined aggregate loss of $30 million dollars. (Doc. 13) Many of the schemes are apparently unrelated. *Id.* Mr. Adeniran's purported involvement is limited to inclusion in the conspiracy count and one substantive count in the overall indictment involving $40,000.

2) The evidence to date connects Mr. Adeniran only to an unindicted conspirator, Benjamin Oye, and the defense is not yet aware of evidence connecting Mr. Adeniran to anyone else in the charged money laundering conspiracy.

3) Mr. Adeniran believes that other indicted co-defendants have or will make statements attempting to incriminate Mr. Adeniran.

4) In reviewing motions to sever, courts have acknowledged the problems and potential unfairness inherent in the trials of cases involving numerous defendants. The Supreme Court has recognized that "the liberal rules of evidence and the wide latitude accorded the prosecution may, and sometimes do, operate unfairly against an individual defendant...." *Glasser v. United States*, 315 U.S. 60, 76 (1942). *See also Spencer v. Texas*, 385 U.S. 554 (1967).

5) Severance is granted if the moving party can demonstrate that a fair trial cannot be had without severance, *United States v. Kendall*, 665 F.2d 126 (7th Cir.1981), and it is among the most important safeguards available to minimize the risk of prejudice. *United States v. Mardian*, 546 F.2d 973, 977 (D.C. Cir. 1976); *accord, United States v. Lane*, 584 F.2d 60 (5th Cir. 1978).

6) This Court should use "every safeguard to individualize each defendant in his relation to the mass." *Kotteakos v. United States*, 328 U.S. 750, 774 (1946).

*See also Blumenthal v. United States*, 332 U.S. 539, 599-60 (1947); *see also United States v. Kopituk*, 690 F.2d 1189, 1320 (11th Cir. 1982).

7) While there is a preference that alleged co-conspirators be tried jointly, *see e.g., United States v. Smith,* 918 F2d 1551 (11th Cir. 1990)), co-defendants should be severed when their defenses are mutually exclusive. *United States v. Knowles*, 66 F.3d1146, 1159 (11th Cir. 1995) (internal quotes omitted). Severance is also required when there is a "reasonable likelihood that the jury [will] transfer[] the applicability of evidence from [one Defendant to another] or vice-versa." *United States v. Liss*, 265 F.3d 1220 11th Cir. 2001).

8) The Court should sever a defendant upon a sufficient showing of prejudice. *See e.g., United States v. Pedrick*,181 F.3d 1264 (11th Cir. 1999); *United States v. Burns*, 418 F.3d 863 (8th Cir. 2005). The Eleventh Circuit has held that significant prejudice warranting severance exists when the evidence against codefendants is "overwhelming and egregious in quality." *Pedrick*, 181 F.3d at 1267. A severance of defendants is further appropriate where inculpatory evidence will be admitted against one defendant thatis not admissible against another. *See United States v. Chavez*, 584 F.3d 1354, 1360 (11th Cir. 2009).

9) An additional problem under *Bruton v. United States*, 391 U.S. 123 (1968), arises in this case if there is a joint trial between the alleged co-conspirators. The Sixth Amendment to the U.S. Constitution guarantees an individual on trial in a criminal case the right to full and effective cross-examination. When this right to confrontation is hindered, the Court must grant a severance. *Bruton v. United States*, 391 U.S. 123 (1968).

10) As a remedy, Rule 14 of the Federal Rules of Criminal Procedure provides as follows:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the Court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

11) Applying these various legal concepts, severance of Mr. Adeniran from his co-defendants is appropriate in this case. There is a reasonable likelihood that a jury may improperly transfer the applicability of evidence from other co-defendants to Mr. Adeniran. Mr. Adeniran would be deeply prejudiced by the negative connections and inferences a jury may draw from evidence introduced against the other co-defendants with whom Mr. Adeniran had no involvement or association. Additionally, the sheer number of defendants and schemes in this case makes it

- 4 -
MOTION TO SEVER – AFEEZ ADENIRAN
CRIMINAL ACTION NO. 1:20-CR-00114-WMR-CCB

reasonably likely that Mr. Adeniran would be prejudiced by the overwhelming amount of evidence produced against his codefendants at trial. The evidence is voluminous, and several of the schemes alleged in the indictment and are especially prejudicial as they target vulnerable victims. Based upon the indictment, Mr. Adeniran's alleged involvement and participation in this case was much more limited in duration and scope. Introduction of evidence pertaining to victims unrelated to Mr. Adeniran and his alleged involvement and the prejudicial nature of some of the alleged offenses will unfairly prejudice Mr. Adeniran. Further, various co-defendants' statements may be attempted to be used by the Government at trial, which is problematic under *Bruton*.

For all of the forgoing reasons and additional ones that may arise between now and any trial of Mr. Adeniran in this matter, Mr. Adeniran respectfully requests that the Court grant his Motion to Sever and provide him a trial separate from that of any remaining codefendants.

Respectfully submitted, this 9th day of February, 2021.

**PIERSON LAW LLC**

*/s/ Holly A. Pierson*_____
Holly A. Pierson
Georgia Bar No. 579655

3127 Maple Drive NE
Atlanta, Georgia 30305
Telephone: (404) 353-2316
hpierson@piersonlawllc.com

# CERTIFICATE OF SERVICE

I certify that I have filed the above DEFENDANT AFEEZ ADENIRAN'S MOTION TO SEVER through the Courts electronic filing system, which will in turn serve all counsel of record.

This the 9th day of February, 2021.

**PIERSON LAW LLC**

*/s/ Holly A. Pierson*_____
Holly A. Pierson
Georgia Bar No. 579655